FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 APR 23 AM 9:01

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBERT LEE DOE, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-185 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). When Plaintiff initially failed to submit either the $350.00 filing fee or a motion to proceed IFP, the Clerk's Office mailed him a deficiency notice directing that he do so. (Doc. no. 2.) The deficiency notice was returned to the Court and marked as "Undeliverable - Moved Left No Address" (doc. no. 3), and, on January 15, 2013, the Court accordingly entered a Report and Recommendation ("R&R") recommending that Plaintiff's complaint be dismissed without prejudice for failure to prosecute (doc. no. 4).

On January 29, 2013, Plaintiff submitted objections to the R&R, in which he explained that he had been having problems with the post office concerning his actual address (doc. no. 6), as well as a motion to proceed IFP (doc. no. 7). On February 7, 2013, in light of Plaintiff's objections, the Court vacated its January 15th R&R, granted Plaintiff's motion to proceed IFP, and reviewed Plaintiff's complaint in conformity with the IFP statute. (See doc. no. 8 (citing 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii)).) Because of pleading

deficiencies – in particular, that the majority of Plaintiff's complaint here is a photocopy of a previous complaint that he filed in this Court, which was dismissed,[1] and does not contain an original signature – the Court ordered him to amend his complaint. (Doc. no. 8.) He was given twenty-one (21) days to comply, and he was told that he must file an amended complaint if he intended to move forward with his case. (Id.)

On March 12, 2013, after Plaintiff failed to respond, the Court afforded Plaintiff fourteen (14) additional days to amend his complaint in accordance with the Court's February 7th Order. (Doc. no. 9.) Plaintiff was warned that, if he failed to comply after this 14-day extension, the Court would recommend dismissal of his case for want of prosecution. (Id. at 2.) Plaintiff has not responded to the Court's Orders.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[2] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the

---

[1] See Doe v. Charlie Norwood - Veterans Admin. Med. Ctr., CV 112-153, doc. nos. 4, 7 (S.D. Ga. Nov. 26, 2012) (hereinafter "CV 112-153").

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with the Court's Orders, or even to provide the Court with an explanation for his failure to amend his complaint, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[3] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that

---

[3]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3

this case be **DISMISSED** without prejudice[4] and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this ⟨22nd⟩ day of April, 2013, at Augusta, Georgia.

*/s/ W. Leon Barfield*
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4]Although the Court is recommending that this case be dismissed without prejudice, as the Court has pointed out, Plaintiff's complaint here is duplicative of the complaint that was dismissed in CV 112-153. Accordingly, Plaintiff should discontinue his practice of filing duplicative complaints and failing to comply with Court Orders, as the Court will not forever entertain such abusive tactics.